# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 3, 2018

```
* * * * * * * * * * * * *
MERYL BRAUN,                    *     UNPUBLISHED
                                *
         Petitioner,            *     No. 16-1098V
                                *
v.                              *     Special Master Gowen
                                *
                                *     Attorneys' Fees and Costs
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
         Respondent.            *
* * * * * * * * * * * * *
```

Martin J. Rubenstein, Staten Island, NY, for Petitioner.
Lisa A. Watts, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 11, 2018, Meryl Braun ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 34). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of $28,483.14.

I. **Procedural History**

On September 2, 2016, Meryl Braun filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner initially alleged that she developed Guillan-Barré Syndrome ("GBS") as a result of her September 11, 2013 influenza ("flu") vaccination. Petitioner then filed an amended petition on April 6, 2017, alleging that her GBS was

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

one component of a systemic lupus erythematosus ("SLE") which was caused by the same flu vaccination. ECF No. 17. On November 13, 2017, Petitioner filed a motion for a ruling on the record (ECF No. 28), and on April 24, 2018, I issued my entitlement decision denying compensation. ECF No. 31. Judgment was entered on May 25, 2018.

On September 11, 2018, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Mr. Martin Rubenstein, in the total amount of $25,260.39, representing $21,150.00 in attorneys' fees and $4,110.39 in costs. Fees App. Ex. 1 at 5. Pursuant to General Order No. 9, Petitioner indicates that she has not incurred any expenses in this case. Fees App. Ex. 2 at 1.

Respondent reacted to the fees motion on September 24, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 35). Petitioner did not file a reply, but the Court issued on order on November 1, 2018, requesting that Petitioner supplement her fees application with addition information concerning costs incurred (ECF No. 37), which Petitioner filed on November 20, 2018. Accordingly, the matter is now ripe for adjudication.

II.  **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). I find no cause to doubt the good faith or reasonable basis of bringing this claim, which, even though not successful, was supported by competent expert opinion. Additionally, respondent has not objected to the good faith or reasonable basis of the claim. Accordingly, I find that petitioners are entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards sua sponte, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

   a. **Attorneys' Fees**

Petitioner requests that her attorney, Mr. Rubenstein, be compensated for all work on this case at a rate of $450.00 per hour irrespective of year. Fees App. Ex. 3 at 5. The subject of Mr. Rubenstein's rates was recently addressed substantively by another special master. *See Roberts v. Sec'y of Health & Human Servs.*, No. 16-1151V, 2018 WL 2772304 (Fed. Cl. Spec. Mstr. May 18, 2018). In that case, as here, the petitioner sought to have Mr. Rubenstein compensated at $450.00 per hour for work performed between 2015 and 2018. In reducing his rates for 2015-2017,

the special master noted that although Mr. Rubenstein had over 40 years of overall legal experience, his proposed rate exceeded the maximum amount contemplated by the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule for all years except 2018. *Id.* at 3. Accordingly, the special mater reduced Mr. Rubenstein's rate to $430.00 per hour for 2015-16 and $440.00 per hour for 2017, the maximum amount under the fee schedule. *Id.*

The special master's analysis and outcome of Mr. Rubenstein's rates in *Roberts* is well-reasoned, and I see no cause to deviate from that rationale in the instant case. Accordingly, Petitioner will be awarded the following rates for work performed by Mr. Rubenstein: $430.00 per hour for work performed in 2016, $440.00 per hour for work performed in 2017, and $450.00 per hour for work performed in 2018. The billing records indicate that Mr. Rubenstein performed 21.05 hours of work in 2016, and 22.55 hours of work in 2017. Fees App. Ex. 3 at 2-5. This results in a total deduction of **$646.50**.[3]

Upon review of the billing entries, I find them to be reasonable. The overall number of hours spent on this case (47.0) is reasonable, and the billing entries reflect the nature of each task performed, the amount of time expended, and the hours billed. Respondent has also not identified any entries as objectionable. Accordingly, no adjustment to the hours is necessary.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $4,510.39, covering the filing fee, postage, medical records, and the expert services of Dr. Arthur Brawer. Fees App. Ex. B at 2. At the time petitioner filed her motion for fees and costs, she did not include any supporting documentation for the requested costs – accordingly, on November 1, 2018, I ordered petitioner to supplement her motion for fees and costs with additional proof, such as invoices or receipts, for costs incurred. Order, ECF No. 36.

Petitioner's provides some clarity as to the costs incurred in this case, but the information received is still largely deficient with respect to what is prescribed by the Guidelines for Practice Under The National Vaccine Injury Compensation Program ("Guidelines").[4] Specifically concerning costs, the Guidelines state that "[a] list of costs incurred by counsel and/or advanced under the petition, *e.g.*, amounts paid for copying records and amounts for travel, along with supporting documentation, should accompany the application." *Id.* This language makes clear that a mere list of costs incurred is not enough to automatically warrant recovery – there must be some further proof of those costs included which allows the Special Master to assess their reasonableness.

In the instant case, petitioner has substantiated *some* of the requested costs, but not all of them. Along with her supplemental filing, petitioner has included a new list of costs incurred along

---

[3] $421.00 was reduced as a result of the 2016 rate adjustment, and $225.50 was reduced as a result of the 2017 rate adjustment.

[4] The Guidelines are available at
http://www.cofc.uscourts.gov/sites/default/files/18.11.05%20Vaccine%20Guidelines.pdf.

with an affidavit from Mr. Rubenstein, explaining that this new list is an "Account Quick Report dated August 29, 2018, attached as exhibit "A", which itemizes all of the expenses incurred, the date upon which the date of the expense was incurred, the check number, the name of the payee, thename of the matter and the account from which the funds were drawn." Mot. to Supplement, ECF No. 27, at 1. Included in the supplement were also photocopies of three checks – one payment for medical records and two payments to Dr. Brawer.

While the newly submitted Account Quick Report list provides more detail on the costs than the original list of costs attached to the motion for fees and costs, it is ultimately still a list, and on its own cannot properly substantiate the requested costs. Merely including the information that the cost was paid for via check and the number of that check does not cure the original deficiency that petitioner's list suffered from. Indeed, petitioner has included copies of three of the checks used to pay for costs, which is precisely the kind of proof petitioners are encouraged to provide to substantiate their costs. If petitioner was able to provide proof for these three costs, why could she not provide copies of all payment checks in this matter, especially since it is warranted that all costs were paid for via check?

For these reasons, I shall not reimburse petitioner for the costs which were not supported by adequate documentation. This results in a reduction of **$50.11**. Upon review, I find the remaining costs to be adequately supported and reasonable in amount, and will thus award them in full.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $21,150.00 |
|---|---|
| (Total Reduction from Rate Adjustment) | - $646.50 |
| **Total Attorneys' Fees Awarded** | **$20,503.50** |
| | |
| Attorneys' Costs Requested | $4,510.39 |
| (Reduction of Costs) | - $50.11 |
| **Total Attorneys' Costs Awarded** | **$4,460.28** |
| | |
| **Total Amount of Attorneys' Fees and Costs** | **$24,963.78** |

**Accordingly, I award the a lump sum in the amount of $24,963.78, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Martin Rubenstein.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master
